```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

**UNITED STATES OF AMERICA**                                              PLAINTIFF

        v.        Case No. 08-30002-001

**CHARLES MICHAEL BAKER**                                              DEFENDANT

**O R D E R**

Now on this 29th day of April 2010, in above-referenced matter, comes on for this Court's consideration the **Report and Recommendation** of United States Magistrate Judge Erin L. Setser, filed on March 12, 2010 (document #68 -- hereinafter called the R&R); the Magistrate Judge's subsequent supplement to said R&R, filed on March 16, 2010 (document #69); the objections to the R&R by Defendant Charles Michael Baker (document #72); and the Government's response to those objections (document #75).

The Court has reviewed this case *de novo* and, being well and sufficiently advised, finds as follows:

1. A thorough history of this matter is provided in the R&R. In short, a three-count indictment has been pending against Defendant since June 25, 2008.

At the Government's request, Defendant's competency to stand trial has been evaluated and subsequently re-evaluated. Based on the results of the second evaluation and a hearing conducted by the Court pursuant to 18 U.S.C. § 4241(c) and 4247(d) on July 7, 2009, the Court concluded that Defendant was not competent to proceed to trial.

Defendant was then committed to the Federal Medical Center (the "Center") in Butner, North Carolina, for treatment and to determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to permit the proceedings against him to go forward.

In a later Order, dated January 5, 2010, the Court determined that Defendant remains incompetent to stand trial and the Government has failed to demonstrate, by clear and convincing evidence, that involuntarily medicating Defendant in an attempt to restore his capacity is warranted.

Accordingly, the Court ordered that, pursuant to 18 U.S.C. § 4246, the director of the Center evaluate Defendant and determine whether a certificate of dangerousness should be issued.

In accordance with the Court's January 5th Order, on February 22, 2010, a psychiatric evaluation report was issued by the Center which summarized the dangerousness evaluation conducted by Dr. Jean Zula, the Center's Chief Psychiatrist, and Dr. Rhett Landis, the Center's Chief Psychologist.  The report concluded that Defendant is <u>not</u> suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.  Accordingly, Drs. Zula and Landis <u>declined</u> to issue a certificate of dangerousness under 18 U.S.C. § 4246(a).

2. In the R&R now before the Court, the Magistrate Judge concludes that "the dangerousness evaluation that is presently pending before the Court is not a valid evaluation." Doc. 68 at 5. In so concluding, the Magistrate Judge sets forth several concerns relating to the adequacy of the evaluation in light of Defendant's history and the diagnosis of delusional disorder given by prior evaluators.

The Magistrate Judge notes in the R&R that, upon receiving the psychiatric evaluation at issue, she conducted a telephonic hearing with counsel for both the Government and Defendant -- as well as with Dr. Zula and Dr. Landis.

In reviewing the summary of this hearing, it appears to the Court that Dr. Zula and Dr. Landis were thoroughly questioned by the Magistrate Judge regarding the bases for their findings and given an opportunity to reconsider such findings. They declined to do so.

In view of her stated concerns, the Magistrate Judge recommends in the R&R that Defendant be transferred to the Federal Medical Center in Springfield, Missouri for a second dangerousness evaluation.

In light of the history of this case, that recommendation is crucial to the question of whether there is a basis for holding Defendant for further evaluations or whether he should be ordered released forthwith. Accordingly, the Court will consider this

recommendation in view of the statutory framework of 18 U.S.C. §§ 4241 and 4246.

3. A three-part scheme for determining mental competency to stand trial exists under 18 U.S.C. § 4241. United States v. Ferro, 321 F.3d 756, 760 (8th Cir. 2003).

First, a district court must determine, by a preponderance of the evidence, whether the defendant suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. (quoting 18 U.S.C. § 4241(d)).

Second, if the district court concludes that the defendant lacks sufficient mental competency to proceed to trial, "the court shall commit the defendant to the custody of the Attorney General" and the "Attorney General shall hospitalize the defendant for treatment ... for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed ..." Id. (quoting 18 U.S.C. § 4241(d)).

Third and lastly, if it becomes apparent that the defendant will not attain sufficient capacity to proceed to trial, a dangerousness evaluation is conducted in accordance with the provisions of 18 U.S.C. § 4246. Id. 18 U.S.C. § 4246(a) states,

-4-

in pertinent part, that,

> [i]f the director of a facility in which a person is hospitalized certifies that a person ... who has been committed to the custody of the Attorney General pursuant to section 4241(d) ... is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined.

18 U.S.C. § 4246(a).

If such a "certificate of dangerousness" is forthcoming pursuant to the above statutory proviso, it is further provided:

* that a court will then order a hearing "to determine whether the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another;" and

* that "[a] certificate filed under this subsection [4246(a)] shall stay the release of the person pending completion of procedures contained in this section." Id.

While the statute is silent as to precisely what course of action is to be taken if a "certificate of dangerousness" be not issued, the Court believes it is fairly to be inferred from the language of the statute that, in the absence of same, the defendant must be released.

4. In the instant case, the facility in which Defendant is presently hospitalized -- the Federal Medical Center in Butner, North Carolina -- has declined to issue the certificate of dangerousness described in Section 4246(a). Moreover, due to the very thorough handling of this matter by the Magistrate Judge, the Center's risk assessment panel -- Drs. Zula and Landis -- were given an opportunity to review their decision not to issue a certificate of dangerousness via telephonic hearing. Despite this review and questioning by the Magistrate Judge, it is apparent that no certificate of dangerousness will be issued by the Center.

As stated in Section 4246(a), it is the issuance of a certificate of dangerousness by the "director of the *facility in which a person is hospitalized*" which stays the release of such person pending the subsequent dangerousness hearing described in this section. Id. (emphasis added). If no certificate of dangerousness is issued, there appears to be no basis for a dangerousness hearing.

In the Court's view, Section 4246(a) makes clear that the facility in which Defendant is presently hospitalized is given the task of assessing his dangerousness. The Center has done so and declined to issue the certificate of dangerousness that would stay Defendant's release and prompt a hearing on the issue of Defendant's threat to society.

Despite the concerns expressed by the Magistrate Judge -- which are shared by this Court -- it does not appear that any material flaw has been, or can be, detected in the handling of the statutory evaluation of this defendant by the Federal Medical Center at Butner. Thus, the question arises as to whether there is any authority to continue to hold a defendant and to transfer him to a second Federal Medical Facility for a second opinion if the first "dangerousness" evaluation made concerning him -- while apparently valid and not materially flawed -- is not to the Court's liking.

The Court's research concerning the issue has turned up no authority suggesting that the Court may take that action. Accordingly, the Court must respectfully disagree with and not approve that portion of the R&R, and must order that Defendant be released forthwith -- unless the Government can show cause within ten (10) days from the date of this Order why the Court should not proceed otherwise.

**IT IS THEREFORE ORDERED:**

* that, for the reasons stated herein, the Magistrate Judge's **Report and Recommendation** (document #68) and supplement thereto (document #69) are **disapproved with respect to the recommendation that Defendant be further detained and transferred to the Federal Medical Center in Springfield, Missouri for further evaluation;** and that it be **approved** in all other respects;

\* that the Government be, and it hereby is, directed to show cause, if any there be, within ten (10) days of the date of this Order, why Defendant should not be released from the Federal Medical Center forthwith, without supervisory conditions, and the charges against him dismissed; and

\* that until further order of this Court, Defendant's commitment to the Federal Medical Center in Butner, North Carolina shall continue.

**IT IS FURTHER ORDERED** that the United States District Clerk is directed to provide a certified copy of this Order to:

    Sarah Revell, Warden
    Federal Medical Center
    P.O. Box 1600
    Butner, NC 27509

**IT IS SO ORDERED.**

    **/s/ JIMM LARRY HENDREN**
    **JIMM LARRY HENDREN**
    **UNITED STATES DISTRICT JUDGE**